IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John E. Phillips, | CASE NO. 3:21-cv-02228 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Warden Harold May, *et al.* | **ORDER** |
| Defendants. | |

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff, John Phillips, brings constitutional claims against Toledo Correctional Institution ("ToCI") employees, Warden, Harold May, and Assistant Healthcare Administrator, Anitra Barker.

Plaintiff asserts that defendants retaliated against him in violation of the First Amendment by using mind-control agents, ignoring his medical needs, and disregarding his kite grievances. Plaintiff further claims that this retaliation subjected him to cruel and unusual punishment under the Eighth Amendment and denied him of his right to due process under the Fourteenth Amendment. Defendants argue that plaintiff does not provide any factual basis for these claims.

Pending before this court is defendants' Motion to Dismiss (Doc. 18, plaintiff's Motion in Opposition (Doc. 19), and defendants' Reply (Doc. 20). For the reasons below, I grant defendants' Motion to Dismiss.

**Background**

Plaintiff is an inmate at ToCI. Plaintiff asserts that his job in January 2020 as a "chow hall worker" is the basis for defendants' retaliation. (Doc. 18, pgID 170). Defendants argue that plaintiff does not establish any factual basis for the alleged retaliation. (*Id.*, pgID 165).

1

Plaintiff states on August 19, 2021, he observed a hose protruding out of a vent in his jail cell. Plaintiff claims defendants were using a machine similar to an "MK Ultra" to emit "heroin/fentanyl and a nerve agent" in his cell, which caused his body to itch, hurt, and swell and restricted his ability to breathe, as a means to "torture and harass" him. (*Id.*, pgID 169). Plaintiff alleges he began reaching out to staff members for help but was ignored or referred to mental health services. (*Id.*)

On August 21, 2021, plaintiff notified the Ohio Department of Rehabilitation and Correction's Security Threat Group of the machine in his cell. (*Id.*) Plaintiff contends that he also sent several kites between September 13 and August 20, 2021. Further, plaintiff reports calling the Prison Rape Elimination Act hotline numerous times between September 5 and October 11, 2021 to report this alleged retaliation. (Doc. 8, pgID 71). However, these grievances were ignored by defendant May. (*Id*).

In addition to the use of the nerve agent machine, plaintiff asserts that ToCI staff members intentionally failed to provide him with adequate medical care for his swollen face and body. (*Id.*, pgID 73). However, plaintiff admits that he was diagnosed with an allergy to his laundry detergent and was given steroid shots to treat his swelling. (Doc. 19, pgID 173).

Concurrently, the medical unit treated plaintiff for Hepatitis C, which may have also contributed to these symptoms. (Doc. 18, pgID 163). Plaintiff argues that he should have been placed in "critical care" status for this diagnosis, but he denies Hepatitis was the cause of his symptoms. (Doc. 8, pgID 73).

**Standard of Review**

Under Fed. R. Civ. Pro. 12(b)(6), a motion to dismiss permits a defendant to test the legal sufficiency of a complaint without subjecting the parties to discovery. *See, e.g., Yuhasz v. Brush*

*Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). Courts must analyze a complaint and its factual allegations in a light most favorable to the plaintiff. *See, e.g., Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

To overcome a motion to dismiss, a complaint must facially present plaintiff's entitlement to relief. Complaints require more than "labels, conclusions, and formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, claims set forth in a complaint must be plausible on their face rather than merely conceivable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court may grant a 12(b)(6) motion only if it is clear that the plaintiff is unable to prove any facts in support of the claims entitling him or her to relief. *Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)). Accordingly, my task is to determine whether plaintiff will prevail on his claims, not whether he can offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

I must determine whether Plaintiff's complaint sufficiently alleges: 1) Defendants retaliated against him for engaging in activity protected under the First Amendment; 2) defendants subjected plaintiff to cruel and unusual punishment under the Eighth Amendment; and/or 3) plaintiff was denied due process under the Fourteenth Amendment.[1]

---

[1] Notably, this case presents facts that are too impossible to merit further development as a matter of law. Plaintiff's allegations that defendants used mind control agents are plainly "fantastic" and "delusional". *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). This Court retains the authority to dismiss cases bringing such claims. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In sum, some allegations, such as those raised by plaintiff here, are simply too irredeemably bizarre to be able to state a plausible claim under *Iqbal/Twombly*.

Plaintiff brings this action under 42 U.S.C. § 1983, which allows him to recover if government officials have violated his civil rights. Qualified immunity protects government officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). If a defendant raises the defense of qualified immunity, the plaintiff must show that the defendant is not so entitled. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

The law relating to qualified immunity is well established and involves a two-prong test. The court must determine whether: 1) "the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and 2) "the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson*, *supra*, 555 U.S. at 232 (citations omitted). If either part of this test fails, the defendant is entitled to qualified immunity. *Haley v. Elsmere Police Dep't*, 452 F. App'x 623, 626 (6th Cir. 2011).

### 1. First Amendment: Retaliation Claim

Plaintiff's amended complaint raises a First Amendment claim against defendants for their alleged retaliation against him. (Doc. 8, pgID 70). For the reasons described below, I grant defendants' Motion to Dismiss as to plaintiff's First Amendment claim.

To prevail on a First Amendment retaliation claim, "a plaintiff must show that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Hazel v. Quinn*, 933 F. Supp. 2d 884, 888 (E.D. Mich. 2013) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Plaintiff argues that defendants retaliated against him because of his prior title as a "chow hall worker." (Doc. 8, pgID 70). Plaintiff believes that this was the sole basis for defendants' alleged deliberate indifference to his medical needs and the denial of adequate ToCI grievance processes. *Id*.

First, I do not find that plaintiff's bare assertion that his prior position as a chow hall worker lends itself to protected conduct under the First Amendment. However, a prisoner's right to file grievances is clearly protected conduct. *Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir. 2001).

Regardless, I do not find that plaintiff suffered an adverse action that would deter a person of ordinary firmness from engaging in the conduct. Plaintiff's claimed injuries from the retaliatory act of the "mind agent machine," defendants' alleged indifference to medical needs, and asserted inadequate grievance procedures were *de minimis*. Namely, plaintiff's only injuries amounted to swelling of his face and body and difficulty breathing. Accordingly, the severity of plaintiff's alleged injuries was insubstantial and unlikely to be a deterrent for others.

Finally, because plaintiff is unable to establish both prongs of his First Amendment retaliation claim, he will similarly be unable to establish a causal connection between them. Plaintiff has failed to present facts sufficient to support a finding that defendants intended to retaliate against him. Therefore, I dismiss plaintiff's First Amendment retaliation claim.

### 2. Eighth Amendment: Cruel and Unusual Punishment

Plaintiff asserts that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by deliberately failing to address his medical needs. To prevail on an Eighth Amendment claim, inmates "must satisfy both an objective and subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993)).

The subjective component of an Eighth Amendment claim centers around the prison official's state of mind. *Curtin*, 631 F.3d at 383. Thus, this component requires the court to consider whether the government official acted with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The objective component requires a plaintiff to prove that the deprivation of medical care was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Therefore, a prisoner will succeed on an Eighth Amendment claim only if he establishes: 1) the prison official had a willful and wanton state of mind, and 2) the prison official used cruel and unusual punishment against him resulting in substantial injuries.

### A. The Subjective Component: Intentional Harm

Under the Eighth Amendment, an officer acts intentionally by acting with "obduracy and wantonness, not inadvertence or good faith error." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). Further, courts are reluctant to question the adequacy of medical judgment where a prisoner has received the treatment sought. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Plaintiff has not met his burden of proving the subjective component of the Eighth Amendment as he fails to establish sufficient facts showing that either defendant May or defendant Barker acted intentionally to ignore his medical needs.

First, plaintiff claims that he suffered from swelling in his face and body and had difficulty breathing. (Doc. 8, pgID 73). However, plaintiff later admits that he received steroids for the swelling, which he states was caused by his laundry detergent. (Doc. 19, pgID 173).

Moreover, plaintiff concedes that he was also treated for Hepatitis C but was not placed in "critical care" as he desired. *Id.* I decline to question the adequacy of plaintiff's medical treatment. Plaintiff presents insufficient facts to establish deliberate indifference as to his known medical

6

needs. *Estelle,* at 105. Therefore, plaintiff has failed to meet the subjective component of his Eighth Amendment claim.

### B. The Objective Component: Sufficiently Serious Harm

The Eighth Amendment is violated when a prisoner's *serious* medical diagnosis is left untreated. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896-899 (6th Cir. 2004). However, a plaintiff must present "medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013).

Moreover, the Prison Litigation Reform Act of 1996 limits the injuries in which a prisoner can recover. 42 U.S.C. § 1997e, *et seq.*; *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002). Thus, minor injuries resulting in "swelling, pain, and cramps" are *de minimis* injuries and cannot lead to recovery. *Jarriett v. Wilson*, 414 F.3d 634, 162 F. App'x 394, 401 (6th Cir. 2005) (unpublished opinion).

Defendants argue that plaintiff's asserted injuries – swelling and difficulty breathing – is not "sufficiently serious" under the Eighth Amendment's objective standard. I agree.

Even taking Plaintiff's factual assertions as true, Plaintiff did not establish that the defendants had a culpable mental state or that he sustained sufficiently serious injuries. I find that plaintiff fails to meet his burden of establishing both the subjective and objective prongs, and therefore, I dismiss plaintiff's Eighth Amendment claims.

### 3. Fourteenth Amendment: Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §

1. To establish a due process violation, a plaintiff must show that one of his liberty interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209 (2005).

Prison discipline only violates a constitutionally protected liberty interest when the discipline rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Further, the Sixth Circuit has held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

Plaintiff asserts that defendants deprived him of his liberty interests when they failed to respond to his grievances. However, "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (quotations omitted). The Due Process Clause does not protect every procedural aspect of a prisoner's life. See, *Id.*

Plaintiff has not identified a constitutionally protected liberty interest that amounts to an atypical or unusual hardship. Thus, I dismiss plaintiff's Fourteenth Amendment claim in favor of the defendants.

**Conclusion**

For the foregoing reasons, it is hereby ORDERED THAT:

1.) Defendants' motion to dismiss (Doc. 18) be, and the same hereby is granted.

2.) An appeal from this decision could not be taken in good faith, as jurists of reason could not rationally dispute either its rationale or result. Therefore, to maintain an appeal, plaintiff must prepay the requisite filing fee in advance.

So ordered.

James G. Carr
Sr. U.S. District Judge